## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHRISTINE EVANS,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No.: |
| v. | )<br>) Division: |
| **Consumer Recovery Associates LLC,**<br>Serve At:<br>James Fox III<br>2697 International Parkway # 4   Suite 270<br>Virginia Beach, Virginia  23452 | )<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

Plaintiff Christine Evans, individually, and by and through her attorneys, bring this action against Defendant Consumer Recovery Associates (hereinafter "CRA"), as a result of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337. Declaratory relief is available pursuant to 28 U.S.C. Sections 2201 and 2202.

2. Venue in this District in proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Christine Evans, is a natural person residing in the City of St. Louis, County of St. Louis, State of Missouri.

4. Defendant, CRA is a corporation, engaged in the business of collecting debts in this state with its principal place of business located in Virginia. The principal purpose of Defendant is the collection of debts in this state. Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

6. In November 2009, an employee from CRA left a message on Plaintiff's voicemail. The individual identified themselves as a CRA employee and for her to return their call.

7. Plaintiff contacted the individual from CRA from her work phone. She called 866-452-9518 to return this call.

8. Plaintiff gave her identifying information to the CRA male who answered the call.

9. The CRA male employee did not identify himself.

10. He told Plaintiff that by writing bad checks, she could be prosecuted and sent to jail. Plaintiff told him that she would have to check on this and not to contact her at work.

11. Plaintiff was disturbed and upset by this allegation. Plaintiff had no idea what the CRA employee was talking about.

12. Upon hanging up, Plaintiff received 2 more calls from the CRA employee. Plaintiff hung up the phone after stating to not contact her at work.

13. The CRA employee called again and asked to speak with Human Resources.

14. Plaintiff hung up on the call again.

15. Plaintiff then called CRA and informed them again to stop contacting them at work. At that time, she spoke with Ms. Dodd, another CRA employee.

16. Ms. Dodd said that they would not contact Plaintiff at work again but that they would have to file a 1099c.

17. Plaintiff was shaken and scared by these phone calls.

18. After Plaintiff hung up with Ms. Dodd, the male employee called Plaintiff's office again and demanded to speak with human resources.

19. The CRA male employee was patched one of the bosses for human resources.

20. At that time, the CRA male employee spoke with Plaintiff's direct supervisor. He asked to verify Plaintiff's employment and work address.

21. Plaintiff was stressed, humiliated and embarrassed by this event.

22. Plaintiff has not received any correspondence from CRA at any time.

23. Defendant failed to provide the mandatory debt validation notice as required by law.

24. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## DEMAND FOR JURY TRIAL

25. Please take notice that Plaintiff demands trial by jury in this action.

## COUNT I - CLAIM FOR RELIEF

26. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

27. Defendant violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. 15 U.S.C. §1692e(11)
    b. 15 U.S.C. §1692g
    c. 15 U.S.C. §1692e(2)

    d. 15 U.S.C. §1692d(5)

    e. 15 U.S.C. §1692d(6)

    f. 15 U.S.C. §1692d(1)

    g. 15 U.S.C. §1692d

    h. 15 U.S.C. §1692d(6)

    i. 15 U.S.C. §1692c(a)(1)

    j. 15 U.S.C. §1692c(a)(3)

    k. 15 U.S.C. §1692c(c)

28. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    A. Statutory damages pursuant to 15 U.S.C. Section 1692k;

    B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k;

    C. An Order holding that Defendant's behavior violated the FDCPA; and

    D. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted

Dated 7/22/2010

**CAMPBELL LAW LLC**

/s/Alicia Campbell
Alicia Campbell
911 Washington Avenue
Suite 205
St. Louis, MO 63101

Phone: 314.588.8101
Fax: 314.588.9188
alicia@campbelllawllc.com